JS-6

MARK BOLAND (*pro hac vice*)
mboland@sughrue.com
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, NW, Suite 800
Washington, D.C. 20037
Tel.: (202) 293-7060
Fax.: (202) 293-7860

JOHN B. SCHERLING (CA Bar No. 122234)
jscherling@sughrue.com
SUGHRUE MION, PLLC
4250 Executive Square, Suite 900
San Diego, CA 92037
Tel.: (858) 795-1180
Fax.: (858) 795-1199

Attorneys for Plaintiff and Counterdefendant
PENTAIR WATER POOL AND SPA, INC.

LEE CARL BROMBERG (*pro hac vice*)
lbromberg@mccarter.com
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, Massachusetts 02110
Telephone: 617-449-6500
Facsimile: 617-607-9200

DARREN M. FRANKLIN (Cal. Bar No. 210939)
dfranklin@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Defendants and Counterclaimants
HAYWARD INDUSTRIES, INC. and
HAYWARD POOL PRODUCTS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| PENTAIR WATER POOL AND SPA, INC., <br><br> Plaintiff, <br><br> v. <br><br> HAYWARD INDUSTRIES, INC. and HAYWARD POOL PRODUCTS, INC., <br><br> Defendants. | Case No. **CV 11-10280 GW (MRWx)** <br><br> and Related Consolidated Case: <br> CV 12-1535-GW(MRWx) <br><br> **JUDGMENT** |

WHEREAS, Plaintiff Pentair Water Pool and Spa, Inc. ("Pentair") filed a Complaint for Declaratory Judgment (D.I. 1) in this action alleging that U.S. Patent 6,026,804 ("the '804 patent") is not infringed and is invalid;

WHEREAS, Defendants Hayward Industries, Inc. and Hayward Pool Products, Inc. ("Hayward") counterclaimed for infringement of the '804 patent (D.I. 43), and asserted that the accused Pentair Max-E-Therm, MasterTemp, MiniMax NT and MiniMax CH products infringed claims 43-47 of the '804 patent;

WHEREAS, pursuant to the November 12, 2014 Rulings on Cross Motions for Summary Judgment (D.I. 272), liability in this case has been resolved in favor of Pentair on every claim of the '804 patent asserted by Hayward against Pentair, with claim 46 being found non-infringed and claims 43-45 and 47 being found invalid;

WHEREAS, the Court's specific Rulings on Cross Motions for Summary Judgment (D.I. 272) are summarized in this Judgment, whereby:

**IT HEREBY IS ADJUDGED THAT:**

(a) claims 43, 44, 45 and 47 of the '804 patent are invalid for failure to meet the written description requirement of 35 U.S.C. § 112, first paragraph for the reasons set forth in D.I. 272; questions of fact remain as to whether each of claims 43-47 is invalid for failure to meet the written description requirement of 35 U.S.C. § 112, first paragraph based on additional grounds asserted by Pentair, but those questions of fact do not impact the Court's conclusion that claims 43, 44, 45 and 47 are invalid for the reasons set forth;

(b) the accused MiniMax NT, MiniMax CH, Max-E-Therm and MasterTemp heaters do not infringe claim 46 of the '804 patent;

(c) each limitation of claims 43-45 and claim 47 of the '804 patent is present in the accused MiniMax NT, MiniMax CH, Max-E-Therm and MasterTemp heaters except that (i) as to claims 43-45 (and claim 46), questions of fact remain concerning the limitations reciting a combustion chamber with respect to the accused Max-E-Therm and MasterTemp heaters, (ii) as to claim 44, additional

questions of fact remain concerning whether a substantial portion of fluid to be heated flows through the inlet, and (iii) as to claim 45, additional questions of fact remain concerning whether the accused heaters include means for shielding the plastic header from the heat of combustion;

    (d) Hayward is barred under 35 U.S.C. § 287 from seeking pre-suit damages for the period after July 31, 2007, but genuine disputes of material fact preclude summary judgment as to whether Hayward may seek pre-suit damages for any infringement of the '804 patent between November 23, 2005 and July 31, 2007;

    (e) genuine disputes of material fact preclude granting summary judgment that pre-suit damages for any infringement of the '804 patent are barred by laches;

    (f) any infringement of the '804 patent by Pentair was not willful; and

    Accordingly, **IT IS FURTHER ADJUDGED THAT** Pentair is the prevailing party in this action, that Hayward takes nothing from Pentair and that any and all remaining claims and counterclaims are dismissed as moot or dismissed as per the proposed Order Dismissing Plaintiff's Invalidity Cause of Action re Claim 46 filed on February 13, 2015.

This 18th day of February, 2015

_____
Honorable George H. Wu
United States District Judge